No. DA 06-0030

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 123N

IN THE MATTER OF A.L.,

A Youth In Need Of Care.

APPEAL FROM:    The District Court of the Eighteenth Judicial District,
                In and For the County of Gallatin, Cause No. DN-04-18,
                Honorable Mike Salvagni, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Peter B. Ohman, Public Defender's Office, Bozeman, Montana

        For Respondent:

                Honorable Mike McGrath, Attorney General; Mark W. Mattioli,
                Assistant Attorney General; Helena, Montana

                Marty Lambert, County Attorney; Kimberly Dudik and Elizabeth
                Ridenour, Deputy County Attorneys, Bozeman, Montana

                Leslie C. Taylor, Bozeman, Montana (Guardian Ad Litem)

                                        Submitted on Briefs:  May 3, 2006

                                                Decided:  June 6, 2006

Filed:

        _____
                            Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(d), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    The Eighteenth Judicial District Court adjudicated A.L. a youth in need of care as to the boy's father, N.L., after determining that probable cause existed to believe that A.L. was abused or neglected or in danger of being abused or neglected. The court approved a treatment plan for N.L., which he failed to satisfactorily complete. Consequently, the court terminated N.L.'s parental rights. N.L. appeals the court's adjudication that A.L. was a youth in need of care, arguing that the Department of Public Health and Human Services failed to prove by a preponderance of the evidence, pursuant to § 41-3-437(2), MCA, that N.L. abused or neglected his son.

¶3    We review a district court's decision to terminate parental rights to determine whether the court abused its discretion. The test for an abuse of discretion is whether the trial court acted arbitrarily, without employment of conscientious judgment, or exceeded the bounds of reason resulting in substantial injustice. To satisfy the relevant statutory requirements for terminating a parent-child relationship, a district court must make specific factual findings, which we review to determine whether they are clearly erroneous. *In Re Custody and Parental Rights of C.J.K.*, 2005 MT 67, ¶ 13, 326 Mont.

2

289, ¶ 13, 109 P.3d 232, ¶ 13. In this case, the District Court specifically found that the Department presented evidence of a physical altercation that took place between N.L. and A.L.'s mother, with A.L. in the middle, being forcibly pulled between his parents; the incident resulted in A.L.'s mother obtaining a restraining order against N.L.

¶4 We have determined to decide this case pursuant to Section 1, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the findings of fact are supported by substantial evidence, the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted, and the record supports the District Court's conclusion that the Department proved by a preponderance of the evidence that A.L. was abused or neglected. The District Court did not abuse its discretion.

¶5 We affirm.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ JIM RICE
/S/ BRIAN MORRIS